SARA R. REID, APPELLANT, v. SAMUEL DUBLIER ET UX., RESPONDENTS.

Submitted December 15, 1915—Decided June 19, 1916.

On appeal from the Supreme Court, whose opinion is reported in 87 *N. J. L.* 115.

For the appellant, *Treacy & Milton.*

For the respondents, *Heyman & Heyman.*

PER CURIAM.

The judgment of the Supreme Court is affirmed, for the reasons given in the opinion delivered in that court with two slight modifications.

1. The reference in the opinion to Imbriglio, the mortgagee, as the agent of the trust company, his assignee in the collection of the quarterly installments, was not essential to the decision reached by the court and could not properly be made the basis of such decision, in view of the absence of a finding by the District Court that Imbriglio was such agent.

2. The decision that the defendant did not receive constructive notice of the assignment of the bond and mortgage to the plaintiff by its being recorded on January 13th, 1911, should be amplified by introducing into the facts on which such decision is based the further circumstance that the assignment to the trust company recorded on July 18th, 1910,

was of the bond and mortgage with a covenant to reassign the same upon the payment of $2,000 with interest.

The argument, then, is that this record was constructive notice of the assignment to the trust company, and that unless or until the mortgagor had notice, actual or constructive, of a reassignment by the trust company to Imbriglio, it was not charged with record notice of a later assignment made by him. As a fact the trust company never reassigned to Imbriglio, whose assignment made on January 13th, 1911, to the plaintiff when he was not the record owner, while effective as between the parties, was ineffective as the basis of record notice to the mortgagor.

It is also worthy of note that the plaintiff obtained the assignment of the bond and mortgage from the trust company August 20th, 1912, by paying to it the balance of the $2,-000 and interest due from the defendant. Such balance was the difference between the debt and the installments that had been paid thereon by the mortgagor, all of which had been paid to Imbriglio. It was incumbent upon the plaintiff therefore to overcome the presumption that she got the benefit of the payment of January 15th, 1911, made by the mortgagor to Imbriglio; otherwise, so far as her case shows, she is suing to recover an installment of which she got the benefit by the reduction to that extent of the balance claimed by the trust company when she secured the assignment of the bond and mortgage from it.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.

*For reversal*—None.